## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KENNY VERLUS,<br><br>Plaintiff,<br><br>v.<br><br>BARCLAYS BANK DELAWARE,<br><br>Defendant. | Case No.<br><br><br>JURY TRIAL DEMANDED |

## **VERIFIED COMPLAINT**

Plaintiff Kenny Verlus, proceeding pro se, brings this action against Defendant Barclays Bank Delaware for violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq., and alleges as follows:

### I. JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. § 1331, as this action arises under federal law, specifically the FCRA.

1

2. Venue is proper in this District under 28 U.S.C. § 1391(b), as Plaintiff resides in Cambridge, Massachusetts, and a substantial part of the events giving rise to this claim occurred in this District.

## II. PARTIES

3. Plaintiff Kenny Verlus is an individual residing at 20 Walden Square Road, Apt 511, Cambridge, MA 02140.

4. Defendant Barclays Bank Delaware is a corporation organized under the laws of Delaware, with its principal place of business at 125 South West Street, Wilmington, DE 19801, and is a "furnisher" under 15 U.S.C. § 1681s-2.

## III. FACTUAL ALLEGATIONS

5. On or about March 30–April 1, 2025, Plaintiff reviewed his consumer credit reports from Experian and TransUnion and discovered inaccuracies in an account reported by Defendant.

6. The Experian report (attached hereto as Exhibit A) shows Plaintiff was 90 days late on the Barclays account in March 2022, but 150 days late in April 2022, which is mathematically impossible, as the correct progression would be 120 days late.

7. The TransUnion report (attached hereto as Exhibit B) shows Plaintiff was 90 days late in March 2022, 120 days late in April 2022, but then 120 days late again in May 2022, which is inaccurate.

8. Plaintiff disputed these inaccuracies with Experian, TransUnion, and Equifax via certified mail (proof of delivery to be provided in discovery), requesting a reinvestigation under 15 U.S.C. § 1681i.

9. The consumer reporting agencies verified the account without correcting the inaccuracies.

10. On May 2, 2025, Plaintiff sent Defendant a demand letter (attached hereto as Exhibit C), requesting correction of the inaccuracies, disclosure of verification procedures, and a reasonable investigation. Defendant failed to comply.

11. Defendant's failure to conduct a reasonable investigation and correct the inaccuracies violated 15 U.S.C. § 1681s-2(b).

12. As a result, Plaintiff suffered lost credit opportunities, emotional distress, and other damages.

### IV. CAUSE OF ACTION: VIOLATION OF THE FCRA

13. Plaintiff incorporates all prior allegations.

14. Defendant, as a furnisher, had a duty under 15 U.S.C. § 1681s-2(b) to conduct a reasonable investigation of Plaintiff's dispute and correct inaccurate information reported to consumer reporting agencies.

15. Defendant's failure to correct the inaccuracies and provide verification procedures constitutes a willful or negligent violation of the FCRA. See Saunders v. Branch Banking & Trust Co., 526 F.3d 142 (4th Cir. 2008); Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147 (9th Cir. 2009).

16. Plaintiff suffered actual damages, including lost credit opportunities and emotional distress, and is entitled to statutory damages under 15 U.S.C. §§ 1681n and 1681o.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests:

a. Actual damages of $15,000 for lost credit opportunities;

b. Statutory damages of $1,000 per violation per consumer reporting agency;

c. Actual damages of $2,500 for emotional distress;

d. Injunctive relief directing Defendant to correct the inaccuracies;

e. Costs and reasonable attorney's fees (if applicable);

f. Such other relief as the Court deems just.

## VI. VERIFICATION

I, Kenny Verlus, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on this 12 day of ~~May~~ September, 2025.

Kenny Verlus

## VII. NOTARY ACKNOWLEDGMENT

State of Massachusetts ) County of Middlesex )

On this ___ day of ~~May~~ September, 2025, before me, a Notary Public, personally appeared Kenny Verlus, known to me (or satisfactorily proven) to be the person whose name is subscribed to the within instrument, and acknowledged that he executed the same for the purposes therein contained.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

Notary Public My Commission Expires: _____